**Michael and Jacqueline CORBETT for Jack M. CORBETT, Plaintiffs,**

v.

**REGIONAL CENTER OF THE EAST BAY, INC., and Linda McMahon, Director of the Department of Social Services, Defendants.**

No. C–87–5322 SAW.

United States District Court,
N.D. California.

Oct. 27, 1988.

Roderick MacLeish, Jr., Jennifer W. Catlin, Fine & Ambrogne, Boston, Mass., for plaintiffs.

Harlan van Wye, Deputy Atty. Gen., San Francisco, Cal., Bette Epstein, Crosby, Heafey, Roach & May, Oakland, Cal., for defendants.

MEMORANDUM AND ORDER

WEIGEL, District Judge.

I.

Defendant Linda McMahon, as Director of the Department of Social Services (DSS), moves for an order clarifying this Court's preliminary injunctive order of March 17, 1988, in *Corbett, et al. v. Regional Center for the East Bay, Inc., et al.*, C–87–5322 SAW. Specifically, defendant seeks an order from the Court clarifying DSS' authority to proceed with a license revocation action against Behavior Research Institute of California, Inc. (BRI).

On March 17, 1988, this Court granted a preliminary injunction which, inter alia, restrained defendants Regional Center for the East Bay (RCEB) and DSS from "terminating, interfering, or changing in any manner" plaintiff Jack Corbett's educational program and placement at BRI. Memorandum and Order of March 17, 1988 at 11. Further, the injunction restrained defendants from "interfering with, or taking any action against plaintiffs and/or [BRI] as a result of plaintiffs' complaint and legal action, until further order of this Court." *Id.* at 12.

The Court acted pursuant to the Education for All Handicapped Children Act (EAHCA), 20 U.S.C. § 1411 *et seq.*, under which an administrative hearing is required when parents object to changes in their child's educational placement. 20 U.S.C. § 1415(b)–(d). While the hearing is pending, the statute requires that "the child shall remain in the then current educational placement of such child." *Id.* at § 1415(e)(3). This so-called "stay put" pro-

vision of the EAHCA supplied the basis for the Court's order of preliminary injunction. *See Honig v. Doe,* —— U.S. ——, 108 S.Ct. 592, 98 L.Ed.2d 686 (1988).

DSS is now proceeding with an administrative action, pursuant to the California Community Care Facilities Act, Cal. Health & Safety Code § 1500 et seq., to revoke BRI's license to operate a community care facility.[1] Further, DSS wishes to raise matters relating to plaintiff Jack Corbett's treatment (i.e., charges against BRI related to alleged deficiencies in its treatment of him). BRI, however, has sought to interpose the Court's March 17, 1988, preliminary injunction order at these administrative proceedings to limit the DSS' ability to impose sanctions on BRI and to prevent the revocation of its license.

On October 5, 1988, Administrative Law Judge Carolyn D. Wulfsberg issued a pre-trial order which ordered DSS to apply to this Court for clarification of the correct application of the March 17, 1988 order of preliminary injunction. The Court has retained jurisdiction in this matter, Memorandum and Order of March 17, 1988 at 12, and considers now the proper application of its injunctive order.

## II.

The procedural protections of 20 U.S.C. § 1415 of the EAHCA are designed to ensure that decisions concerning the education and placement of handicapped children are made fairly, and to provide for maximum participation by the parents or guardians of handicapped children in those decisions.[2] *Dima v. Macchiarola,* 513 F.Supp. 565, 568 (E.D.N.Y.1981); *Tilton, By Richards v. Jefferson County Bd. of Education,* 705 F.2d 800, 804 (6th Cir. 1983), *cert. denied by Tilton v. Jefferson County Bd. of Education,* 465 U.S. 1006, 104 S.Ct. 998, 79 L.Ed.2d 231 (1984), and

*cert. denied by Jefferson County Bd. of Education v. Tilton,* 465 U.S. 1006, 104 S.Ct. 999, 79 L.Ed.2d 231 (1984). Furthermore, Congress determined that the interests of the handicapped child would best be served by imposing the status quo upon placement pending the resolution of any parental complaints concerning a proposed change in placement. *Tilton, By Richards v. Jefferson County Bd. of Education,* 705 F.2d at 804.

The federal courts have recognized, however, that certain decisions by state entities regarding, not individual placements of handicapped children, but rather whether or not "to retain or discard the services of a private school" do not trigger the due process mandates of 20 U.S.C. § 1415(b). *Dima v. Macchiarola,* 513 F.Supp. at 571; *see also Antkowiak by Antkowiak v. Ambach,* 838 F.2d 635, 640–41 (2d Cir.1988), *cert. denied, Doe v. Sobol,* —— U.S. ——, 109 S.Ct. 133, 102 L.Ed.2d 105 (1988).

In *Dima,* the Harlyn School, a school certified by the New York State Education Department as an approved private institution for the placement and education of handicapped children, lost its contract and approved status with the state following an audit that allegedly revealed mismanagement of public funds and serious educational deficiencies. 513 F.Supp. at 567. When informed that the school would close, parents of children in Harlyn School relied on the "stay put" clause of the EAHCA to seek an injunction which would require the school to remain open and its students to remain there at public expense until the appeals were exhausted. *Id.* at 568.

The district court in *Dima,* however, denied requests to impose an injunction. The court followed the analysis of the Supreme Court in *O'Bannon v. Town Court Nursing Center,* 447 U.S. 773, 100 S.Ct. 2467, 65

---

1. Because Judge Wulfsberg has directed DSS to request clarification of this Court's order of preliminary injunction, no harm has been done by the failure of counsel for DDS to seek clarification before proceeding with the administrative action. Therefore no sanctions will be imposed. However, DSS and its counsel would be wise to refrain in the future from failure carefully to comply with the order of a federal court.

2. As the Supreme Court has noted, "this provision is part of a Congressional scheme to encourage parental involvement in the education of handicapped children." *Board of Education v. Rowley,* 458 U.S. 176, 182 n. 6, 102 S.Ct. 3034, 3038 n. 6, 73 L.Ed.2d 690 (1982).

L.Ed.2d 506 (1980), a case in which the Supreme Court held that residents of a nursing home did not have standing to seek to enjoin the home's decertification by the federal Medicaid agency. The Supreme Court in *O'Bannon* stated:

[A]lthough decertification will inevitably necessitate the transfer of all those patients who remain dependent on Medicaid benefits, it is not the same for purposes of due process analysis as a decision to transfer a particular patient or to deny him financial benefits, based on his individual needs or financial situation.

*O'Bannon v. Town Court Nursing Center*, 447 U.S. at 786, 100 S.Ct. at 2476.

Following this logic, the district court in *Dima* with regard to its authority under the EAHCA held that "[w]hile the Board and the State do not possess unfettered power in all cases 'to close schools and transfer students,' [citation omitted] they must be permitted to make an independent determination regarding the suitability of private institutions to fulfill the educational and fiscal needs of the system without first according the parents and guardians a due process forum." 513 F.Supp. at 570; *see Concerned Parents & Citizens For The Continuing Education at Malcolm X v. Board of Education*, 629 F.2d 751, 756 (2d Cir.1980), *cert. denied*, 449 U.S. 1078, 101 S.Ct. 858, 66 L.Ed.2d 801 (1981).

Similarly, the DSS must be permitted to challenge, in good faith, BRI's license to operate a community care facility based on legitimate health and safety concerns. Although this Court is sympathetic to plaintiff Jack Corbett's special needs and is not pleased with DSS' conduct before the Court in this action, nevertheless, this Court cannot sit in judgment of a decision that DSS may lawfully obtain before an authorized state administrative tribunal concerning revocation of BRI's operating license. *Dima v. Macchiarola*, 513 F.Supp. at 570. DSS is the licensing agency which is responsible for protecting the integrity of California's Community Care Licensing system, and the health and safety of residents of licensed facilities, including group homes. Cal. Health & Safety Code, § 1550. As such, DSS may seek revocation of BRI's license under the substantive law of the Community Care Facilities Act, using procedures provided in the California Administrative Procedure Act.[3] Gov't.Code § 11500, *et seq.* Accordingly, if DSS properly seeks review of BRI's operating license, this would not trigger the prior notice and hearing requirements of 20 U.S.C. § 1415.

DSS also wishes to raise matters relating to plaintiff Jack Corbett's treatment at BRI in the state proceeding to review BRI's operating license. DSS has stated to this Court, however, that it "has no legislative or regulatory authority to convene an administrative proceeding to cause a child's placement into, or removal from, a community care facility." Defendant McMahon's Memorandum of Points and Authorities in Support of Motion for Clarification at 5. Moreover, DSS has admitted that it "has no authority to compel a child's parents to bring that child home from a facility and care for him or her." *Id.*

This Court now warns DSS that any attempt on its part to seek revocation of BRI's license based on individualized considerations concerning plaintiff Jack Corbett's placement at BRI will be taken as a sign of bad faith on the part of DSS. DSS cannot pursue revocation of BRI's operating license merely as a ruse to effect the relocation of Jack Corbett. With this admonition, the Court will modify its preliminary injunction order of March 17, 1988, but retain jurisdiction to make such modifications at any time and from time to time on its own motion or upon the motion of any party in the interest of effectuating its intendments or in the interest of furthering the ends of justice under all applicable law.

Accordingly,

IT IS HEREBY ORDERED that the Court's MEMORANDUM AND ORDER of March 17, 1988 is hereby renewed in its

---

**3.** Any such decision to revoke BRI's license is subject to judicial review in the California courts by way of administrative mandamus.

entirety except for revision of the order commencing at page 11, line 15 and ending at page 12, line 16 so that said order is now renewed and ordered as follows:

(1) plaintiff's motion for reconsideration of the Court's order of January 15, 1988, 676 F.Supp. 964, is granted;

(2) the Court's denial of a preliminary injunction on January 15, 1988 is vacated;

(3) unless in strict compliance with 20 U.S. C. § 1415, defendants Regional Center for the East Bay and Department of Social Services are restrained from:

(a) terminating, interfering, or changing in any manner Jack Corbett's educational program and residential placement at Behavior Research Institute of California as said program provided as of October 1, 1987;

(b) terminating, interfering, or changing in any manner the funding of Jack Corbett's educational program and residential placement at Behavior Research Institute of California, Inc. as such program provided as of October 1, 1987;

(c) interfering with, or taking any action against plaintiffs and/or the Behavior Research Institute of California, Inc. as a result of plaintiffs' complaint and legal action.

(4) No person who has notice of this Injunction shall fail to comply with the letter and spirit hereof nor shall any person subvert the letter or spirit hereof by any sham, indirection, or other artifice.

(5) This Order does not preclude the Department of Social Services from instituting, maintaining and concluding in good faith lawful proceedings under the California Community Care Facilities Act against Behavior Research Institute of California ("BRI"), insofar as no proceeding is for the purpose, directly or indirectly, of removing Jack Corbett.

(6) The Court retains jurisdiction to modify this injunction at any time and from time to time on its own motion or upon the motion of any party in the interest of effectuating its intendments or in the interest of furthering the ends of justice under all applicable law.